```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
--------------------------------------------------------x
LAURA GONZALES,                          :
an individual,                           :     CIVIL ACTION
                                         :
           Plaintiff,                    :     CASE NO.:
                                         :
vs.                                      :     Judge:
                                         :
                                         :     Magistrate:
                                         :
ALFREDO LINARES, INC. d/b/a              :
SUPERMERCADO LA CHIQUITA,                :
INC.                                     :
           Defendant.                    :
--------------------------------------------------------x
```

## **COMPLAINT**

Plaintiff, LAURA GONZALES, by and through her undersigned counsel, hereby files this original Complaint against ALFREDO LINARES, INC., doing business as SUPERMERCADO LA CHIQUITA, INC. (hereinafter referred to as "DEFENDANT"), and demands declaratory and injunctive relief and attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, LAURA GONZALES, (hereinafter referred to as "MS. GONZALES"), is a resident of Cook County, Illinois. MS. GONZALES resides approximately seven (7) miles away from the facility at subject in this action.

1

4. MS. GONZALES is a qualified individual with a disability under the ADA and the IHRA. MS. GONZALES has paraplegia from a spinal cord injury stemming from a car accident.

5. Due to her disability, MS. GONZALES is substantially impaired in multiple major life activities and requires a wheelchair for mobility. Further, MS. GONZALES utilizes a van for her transportation and requires parking that is ADA van accessible.

6. Upon information and belief, DEFENDANT is a corporation organized in the State of Illinois and doing business in Cook County.

7. Upon information and belief, DEFENDANT can be contacted at its registered agent located at:

> 53 W. Jackson Blvd., #703
> Chicago, IL 60604

8. Upon information and belief, DEFENDANT is the owner and/or operator of the real properties and improvements that are the subject of this action, to wit: Supermercado La Chiquita & Taqueria, 4926 W. Cermak Road, Cicero, Illinois, 60804 (hereinafter referred to as "the Property").

9. The Property consists of a grocery store and a restaurant.

10. DEFENDANT is obligated to comply with the ADA at the Property.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MS. GONZALES realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located

at: 4926 W. Cermak Road, Cicero, Illinois, 60804.

13. The Property has two parking lots: one which serves the grocery store, and one which serves the restaurant.

14. Upon information and belief, MS. GONZALES visited the Property as recently as April 2018. She routinely visits the Property two to three times each month to buy specialty groceries. MS. GONZALES has also visited the restaurant at the Property.

15. During her visits to the Property, MS. GONZALES has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 27.

16. At various times, MS. GONZALES has personally observed or encountered the architectural barriers discussed in Paragraph 27(I)(A)-(E).

17. In addition to the architectural barriers discussed in Paragraph 27(I)(A)-(E), MS. GONZALES is aware that the barriers discussed in Paragraph 27(I)(F)-(J) presently exist at the Property due to a pre-suit due diligence investigation conducted prior to filing this lawsuit. Specifically, counsel for MS. GONZALES retained an expert to conduct an investigation of the Property on April 14, 2018 to assess whether the Property is accessible to persons who use wheelchairs, such as MS. GONZALES. MS. GONZALES accompanied the expert on this investigation.

18. The discrimination alleged herein is ongoing.

19. During her visits to the Property, MS. GONZALES has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 27.

20. MS. GONZALES continues to desire to visit the Property and patronize the grocery store

and the restaurant, but fears that she will continue to experience serious difficulty due to the barriers discussed in Paragraph 27.

21. At various times, MS. GONZALES has complained to the management on duty at the Property about the barriers discussed in Paragraph 27. Specifically, MS. GONZALES has complained about the need for maintenance and upkeep of the designated accessible parking spaces in the grocery store's parking lot. The Property's management has been unresponsive to her complaints and no improvements have been made. MS. GONZALES' attempts to resolve the discrimination alleged herein without litigation thus amounted to a futile gesture.

22. At various times, MS. GONZALES has resorted to contacting local law enforcement at the Cicero Police Department to assist her with navigating the barriers she faces while parking in the Property's designated accessible parking spaces, as described in Paragraph 27.

23. In the event the Defendant engages in one-time activities to update and improve the Property's parking lots, the passage of time will inevitably require future maintenance and ongoing upkeep of the parking lots. Based on MS. GONZALES' past futile efforts to prompt the Defendant to engage in this ongoing maintenance, there is a substantial likelihood of these barriers recurring in the future. *See Johnson v. Young, et. al*, 2:17-cv-01642, 2018 WL 1875698 at *2-4 (E.D. Cal. April 19, 2018).

24. The barriers discussed below in Paragraph 27 are excluding, or will exclude, MS. GONZALES from the programs, activities, and services offered at the Property.

25. MS. GONZALES plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

26. MS. GONZALES presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

27. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS AT THE PROPERTY ARE THE RESPONSIBILITY OF DEFENDANT:

   A. The accessible designated parking spaces in the grocery store's parking lot lack appropriate upright signage marking them for van accessibility;

   B. There are no access aisles serving the accessible designated parking spaces in the grocery store's parking lot;

   C. The paint and signage marking the grocery store's accessible designated parking spaces are old and faded, making them difficult to see and leading to motorists without disabilities parking their vehicles in the accessible designated parking spaces or in the access aisle;

   D. The accessible designated parking space in the restaurant's parking lot lacks the required upright signage;

   E. The accessible designated parking space in the restaurant's parking lot is not large enough for van accessibility;

   F. The access aisle serving the accessible designated parking space in the restaurant's parking lot is impermissibly narrow;

    G.    The accessible designated parking spaces in both the restaurant's and grocery store's parking lots are not situated on level ground and contain impermissible slopes;

    H.    The grocery store's service and sales counter is excessively high, with neither a lowered portion nor an axillary counter that is accessible to wheelchair users;

    I.    The grocery store lacks any checkout aisle featuring a lowered surface or adjustable credit card machine that is accessible for wheelchair users; and

    J.    Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

28. MS. GONZALES continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 27 are removed.

29. MS. GONZALES intends to and will visit the Property to utilize its goods and services in the future, but fears that DEFENDANT will continue to discriminate against her by failing to modify or remove the barriers at the Property.

30. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

31. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

32. Upon information and belief, removal of the barriers to access located on the Property

would provide MS. GONZALES with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

33. Independent of her intent to return as a patron to the Property, MS. GONZALES additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

34. MS. GONZALES has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. GONZALES demands judgment against DEFENDANT, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. GONZALES, pursuant to the ADA; and

D. That this Court award such other and further relief as it deems necessary, just, and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
Attorney for Plaintiff
Jennifer M. Coco (IL # 6303071)
jcoco@bizerlaw.com
Garret S. DeReus (LA # 35105)

gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

\*\*\*AND\*\*\*

**LAW OFFICE OF CHARLES E. MCELVENNY**
*Designated Local Counsel / Trial Bar Atty.*
Charles McElvenny (IL # 6281350)
53 W. Jackson Blvd.
Suite 401
Chicago, IL 60604
312-291-8330(o)
www.cemlawfirm.com

By:     /s/ Jennifer M. Coco
          Jennifer M. Coco