IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-03692 |
| | ) | |
| v. | ) | |
| | ) | |
| ALFREDO LINARES, INC., d/b/a | ) | |
| SUPERMERCADO LA CHIQUITA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Alfredo Linares, Inc. d/b/a Supermercado La Chiquita, Inc. ("Chiquita" or "Defendant") and for its Answer and Affirmative Defense to Plaintiff Laura Gonzales' ("Gonzales" or "Plaintiff") Complaint, and states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** This paragraph does not contain factual allegations and, therefore, no answer is required. To the extent that an answer is required, Defendant admits that Gonzales brought the above-referenced action and Defendant believes that jurisdiction is proper in this Court. Chiquita denies all remaining allegations in this paragraph.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** This paragraph does not contain factual allegations and, therefore, no answer is required. To the extent that an answer is required, Defendant believes that venue is proper in

this Court.

3. Plaintiff, LAURA GONZALES, (hereinafter referred to as "MS.GONZALES"), is a resident of Cook County, Illinois. MS. GONZALES resides approximately seven (7) miles away from the facility at subject in this action.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

4. MS. GONZALES is a qualified individual with a disability under the ADA and the IHRA. MS.GONZALES has paraplegia from a spinal cord injury stemming from a car accident.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

5. Due to her disability, MS.GONZALES is substantially impaired in multiple major life activities and requires a wheelchair for mobility. Further, MS. GONZALES utilizes a van for her transportation and requires parking that ADA van accessible.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

6. Upon information and belief, DEFENDANT is corporation organized in the State of Illinois and doing business in Cook County.

**ANSWER:** Admit.

7. Upon information and belief, DEFENDANT can be contacted at its registered agent location at:

   53 W. Jackson Blvd., #703
   Chicago, IL 60604

**ANSWER:** Admit.

8. Upon information and belief, DEFENDANT is the owner and/or operator of the real properties and improvements that are the subject of the action, to wit: Supermercado La Chiquita & Taqueria, 4926 W. Cermak Road, Cicero, Illinois, 60804 (hereinafter referred to as "the Property").

**ANSWER:** Admit.

9. The Property consists of a grocery store and a restaurant.

**ANSWER:** Admit.

10. DEFENDANT is obligated to comply with the ADA at the Property.

**ANSWER:** This paragraph does not contain any factual allegations and instead, contains legal conclusions to which no answer is required by Defendant.

### COUNT I – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MS. GONZALES realleges and reavers Paragraphs 1 – 10 as if they were expressly restated herein.

**ANSWER:** Chiquita reasserts and realleges its answers to Paragraph 1 through 10 herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located at: 4926 W. Cermak Road, Cicero, Illinois, 60804.

**ANSWER:** Admit that the property is located at 4926 W. Cermak Road, Cicero, Illinois 60804. The remaining allegations in this paragraph contain legal conclusions to which no answer is required.

13. The Property has two parking lots: one which serves the grocery store, and one which serves the restaurant.

**ANSWER:** Admit.

14. Upon information and belief, MS.GONZALES visited the Property as recently as

April 2018. She routinely visits the Property two to three times each month to buy specialty groceries. MS. GONZAES has also visited the restaurant at the Property.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

15. During her visits to the Property, MS.GONZALES has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 27.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

16. At various times, MS.GONZALES has personally observed or encountered the architectural barriers discussed in Paragraph 27(I)(A)-(E).

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

17. In addition to the architectural barriers discussed in Paragraph 27(I)(A)-(E), MS.GONZALES is aware that the barriers discussed in Paragraph 27(I)(F)-(J) presently exist at the Property due to a pre-sit due diligence investigation conducted prior to filing this lawsuit. Specifically, counsel for MS.GONZALES retained an expert to conduct an investigation of the Property on April 14, 2018 to assess whether the Property is accessible to persons who use wheelchairs, such as MS. GONZALES. MS. GONZALES accompanied the expert on this investigation.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

18. The discrimination alleged herein is ongoing.

**ANSWER:** Deny.

19. During her visits to the Property, MS. GONZALES has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 27.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

20. MS. GONZALES continues to desire to visit the Property and patronize the grocery store and the restaurant, but fears that she will continue to experience serious difficulty due to the barriers discussed in Paragraph 27.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

21. At various times, MS. GONZALES has complained to the management on duty at the Property about the barriers discussed in Paragraph 27. Specifically, MS. GONZALES has complained about the need for maintenance and upkeep of the designated accessible parking spaces in the grocery store's parking lot. The Property's management has been unresponsive to her complaints and no improvements have been made. MS. GONZALES' attempts to resolve the discrimination alleged herein without litigation thus amounted to a futile gesture.

**ANSWER:** Without additional information, Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph as it relates to Gonzales complaints. Chiquita denies the remaining allegations contained in this paragraph.

22. At various times, MS. GONZALES has resorted to contacting local law enforcement at the Cicero Police Department to assist her with navigating the barriers she faces while parking at the Property's designated accessible parking spaces, as described in Paragraph

27.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

23. In the event the Defendant engages in one-time activities to update and improve the Property's parking lots, the passage of time will inevitably require future maintenance and ongoing upkeep of the parking lots. Based on MS. GONZALES' past futile efforts to prompt the Defendant to engage in this ongoing maintenance, there is a substantial likelihood of these barriers recurring in the future. *See Johnson v. Young, et. al,* 2:17-cv-01642, 2018 WL 1875698 at *2-4 (E.D. Cal. April 19. 2018).

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations as to Gonzales' actions and as to future activities. Chiquita denies all remaining allegations contained in this paragraph.

24. The barriers discussed below in Paragraph 27 are excluding, or will exclude, MS. GONZALES from the programs, activities, and services offered at the Property.

**ANSWER:** Deny.

25. MS. GONZALES plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

26. MS. GONZALES presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph

27. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS AT THE PROPERTY ARE THE RESPONSIBILITY OF THE DEFENDANT:

A. The accessible designated parking spaces in the grocery store's parking lot lack appropriate upright signage marking them for van accessibility;

B. There are no access aisles serving the accessible designated parking space in the grocery store's parking lot;

C. The paint and signage marking the grocery store's accessible designated parking spaces is old and faded, making them difficult to see and leading to motorists without disabilities parking their vehicles in the accessible designated parking spaces or in the access aisle;

D. The accessible designated parking space in the restaurant's parking lot lacks the required upright signage;

E. The accessible designated parking space in the restaurant's parking lot is not large enough for can accessibility;

F. The access aisle serving the accessible designated parking space in the restaurant's parking lot is impermissibly narrow;

G. The accessible designated parking spaces in both the restaurant's and grocery store's parking lots are not situated on level ground and contain impermissible slopes;

H. The grocery store's service and sales counter is excessively high, with neither a lowered portion nor an axillary counter that is accessible to wheelchair users;

I. The grocery store lacks any checkout aisle featuring a lowered surface or

adjustable credit card machine that is accessible for wheelchair users; and

J. Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

**ANSWER:** Deny, including all subparts.

28. MS. GONZALES continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph are removed.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

29. MS. GONZALES intends to and will visit the Property to utilize its goods and services in the future, but fears that DEFENDANT will continue to discriminate against her by failing to modify or remove the barriers at the Property.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph as it relates to Gonzales' intent or fears. Chiquita denies all remaining allegations contained herein.

30. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA, even though removal is readily achievable.

**ANSWER:** Deny.

31. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not lace an undue burden on DEFENDANT.

**ANSWER:** Deny.

32. Upon information and belief, removal of the barriers to access located on the

Property would provide MS. GONZALES with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the property.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

33. Independent of her intent to return as a patron to the Property, MS. GONZALES additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

**ANSWER:** Chiquita lacks sufficient information to admit or deny the allegations contained in this paragraph.

34. MS. GONZALES has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

**ANSWER:** Chiquita lacks sufficient information to admit or deny as to Gonzalez' actions. The remainder of this paragraph contains legal conclusions to which no response is required. In the event an answer is required, Defendant denies the allegations contained in this paragraph.

WHEREFORE Defendant Alfredo Linares, Inc. d/b/a Supermercado La Chiquita, Inc. prays that this Honorable Court enter judgment in its favor and against Plaintiff, and for any other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

NOW COMES Alfredo Linares, Inc. d/b/a Supermercado La Chiquita, Inc. ("Chiquita" or "Defendant") and for its Affirmative Defense to Plaintiff Laura Gonzales' ("Gonzales" or

"Plaintiff") Complaint, and states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are moot.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant's actions were justified by a legitimate non-discriminatory reason.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims may be barred in whole or in part by the statute of limitations, waiver, estoppel, or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, as Chiquita did not engage in any intentional misconduct.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's damages, if any, were caused by her own actions or failure to act or otherwise caused by individuals over whom Defendant had no control.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff has failed to mitigate her damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred because Plaintiff does not have, did not have, and or was not regarded as having "a disability" under the Americans with Disabilities Act.

### NINTH AFFIRMATIVE DEFENSE

9. To the extent applicable, Plaintiff's claims fail, in whole or in part, because

accommodating Plaintiff's alleged disability would impose undue financial, administrative, or other burdens on Defendant.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred because, with respect to any particular architectural element of any grocery store that departs from accessibility guidelines, the store has provided equivalent facilitation in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred because the modification Plaintiff seeks are not "alternations" within the meaning of the ADA and/or they do not trigger an "alternation" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred because the alterations are sufficient in that they satisfy the "to the maximum extent feasible" standard.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred because to the extent that the store was designed and constructed prior to the effective date of the ADA.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. Defendant has made a good faith effort to comply with the ADA.

### FIFTEENTH AFFIRMATIVE DEFENSE

16. Chiquita reserves the right to assert additional Affirmative Defenses as may be disclosed during the course of additional investigation and inquiry.

                                              Respectfully Submitted,

                                              ALFREDO LINARES, INC. d/b/a
                                              SUPERMERCADO LA CHIQUITA, INC.

                                              By: /s/ Jennifer B. Tee_____
                                                  One of his attorneys

Matthew J. Sheahin (ARDC# 6243872)
Jennifer B. Tee (ARDC# 6292487)
Lance C. Ziebell (ARDC# 6298037)
LAVELLE LAW, LTD.
141 W. Jackson Blvd., Suite 2800
Chicago, Illinois 60604
Tele: (312) 888-4111
Facsimile: (312) 658-1430
msheahin@lavellelaw.com
jtee@lavellelaw.com
lziebell@lavellelaw.com
S:\1251-1500\1316\Gonzalez.ADA.Lawsuit\Pleadings\Ans.ADs.06.15.2018.Full.doc